# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BAR K RANCH, LLC; MICHAEL WALSH; FRED WALSH, and EILEEN WHITE<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, STATE OF MONTANA, et al.,<br><br>Defendants. | CV-19-6-BU-BMM<br><br>**ORDER** |

Plaintiffs Bar K Ranch, LLC, Michael Walsh, Fred Walsh, and Eileen White (collectively "Plaintiffs") filed a complaint for declaratory, injunctive, and equitable relief, seeking clarification on the public and private rights-of-way over roads in Madison County. Defendant Madison County Commission filed a motion to dismiss Plaintiffs' claim for injunctive relief (Count IV), arguing that the Plaintiffs present a nonjusticiable political question or, alternatively, that Count IV does not state a claim for which relief can be granted. (Doc. 8). The United States Bureau of Land Management, United States Forest Service, and the United States

1

of America (collectively "Federal Defendants"), filed a motion to dismiss on June 17, 2019. (Doc. 13). Plaintiffs filed an Amended Complaint on July 3, 2019. (Doc. 23). Federal Defendants filed a second motion to dismiss on July 17, 2019. (Doc. 27). Madison County Commission did not re-file their motion to dismiss.

The Court held on a hearing on the pending motions to dismiss the Amended Complaint on September 10, 2019. Madison County Commission's motion to dismiss and the Federal Defendants' first motion to dismiss preceded the filing of the Amended Complaint and are denied as moot. The Court also denies the Federal Defendants' second motion to dismiss.

## DISCUSSION

Federal Defendants attack the sufficiency of Plaintiffs' Amended Complaint on two grounds. Federal Defendants first argue that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Federal Defendants next contend that the complaint fails to state a claim under Rule 12(b)(6). The parties disagree about whether several of the issues raised by Federal Defendants prove jurisdictional in nature thereby requiring resolution under Rule 12(b)(1), or whether the issue represents non-jurisdictional defects, and, thus, properly should be resolved under Rule 12(b)(6). The Court agrees with Plaintiffs that Defendants'

2

challenges constitute affirmative, non-jurisdictional defenses, properly analyzed under Rule 12(b)(6).

A court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). The Court must consider as true all allegations of material fact and construe those allegations in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co*, 80 F.3d 336, 337-338 (9th Cir. 1996). A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) for a lack of subject matter jurisdiction. A federal court's subject matter jurisdiction arises from the "statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). A case must be dismissed, at any stage in litigation, if the court lacks subject matter jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3).

Generally, "[s]uits against the government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity." *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014) (citation omitted). The Quiet Title Act (QTA) functions as a waiver of sovereign immunity and provides the "[e]xclusive means by which adverse claimants could challenge the United States' title to real property." *Block v. North Dakota ex rel. Board of U. & Sch. Lands*, 461 U.S. 273, 286 (1983).

Defendants urge the Court to dismiss the Amended Complaint for lack of jurisdiction under Rule 12(b)(1) for two reasons: first, because the claim proves time-barred; and second, because Plaintiffs lack standing to bring a claim on behalf of the public. Defendants also urge the Court to dismiss the Amended Complaint under Rule 12(b)(6) because Plaintiffs have failed to state a claim under the QTA and are prohibited from obtaining prescriptive easements against the United States. The Court addresses each argument in turn.

A. **Statute of Limitations**

The QTA provides a twelve-year statute of limitations from the date of accrual. 28 U.S.C. § 2409a(g). An action "accrue[s] on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." *Id.*

The Supreme Court in *Block* reversed the lower courts and determined that the QTA's statute of limitations applied to states. *Block*, 461 U.S. at 292-93. The Supreme Court declared in its conclusion that "the federal defendants are correct: If North Dakota's suit is barred by § 2409a(f), the courts below had no jurisdiction to inquire into the merits." *Id.*; *see also United States v. Mottaz*, 476 U.S. 834, 841 (1986) ("When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction."). The Supreme Court remanded the case for a determination of when the action accrued. *Block*,

461 U.S. at 293.  The Ninth Circuit, citing the conclusory statement in *Block*, similarly determined that the statute of limitations in the QTA represented a jurisdictional prerequisite to bring an action: "[i]f the statute of limitations has run on a waiver of sovereign immunity, federal courts lack jurisdiction."  *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005).

More recent Supreme Court decisions cast doubt on this seemingly clear characterization of time-bars as jurisdictional in nature.  *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006); *Sebelius v. Auburn Regional Med. Ctr.*, 568 U.S. 145, 153 (2013).  The Supreme Court in *Wong* explained that "we have repeatedly held that procedural rules, including time bars, cabin a court's power only if Congress has clearly stated as much." 135 S. Ct. at 1632 (internal alterations and quotations omitted).   The "clear statement" rule derived from *Wong* appears to conflict with the canon of statutory construction that directs courts to construe narrowly waivers of sovereign immunity.  The Supreme Court in *Wong*, however, declined to treat a waiver of sovereign immunity any differently: "it makes no difference that a time bar conditions a waiver of sovereign immunity." *Id.* at 1638.  The Supreme Court in *Wong* clarified that "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Id.* at 1632.

5

Through this pronouncement in *Wong*, the Supreme Court has "made plain that most time bars are nonjurisdictional." *Id.* Statutes of limitations remain "important." *Id.* The Supreme Court recognized, however, that "framed in mandatory terms," and even "emphatically expressed," statutes of limitations still "do not deprive a court of authority to hear a case." *Id.* The Supreme Court characterized statutes of limitation more properly as claim processing rules that do not restrict a court's inherent power to hear a case. *Id.* (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

Courts have wrestled with the impact of *Wong*. The Eleventh Circuit concluded that the statute of limitations in the QTA prove jurisdictional, even in light of *Wong*. *F.E.B. Corp. v. United States*, 818 F.3d 681, 685 n.3 (11th Cir. 2016). Other courts have reached the opposite conclusion. *Payne v. United States Bureau of Reclamation*, 2017 WL 6819927, at *2 (C.D. Calif. Aug. 15, 2017). The Sixth Circuit in *Herr v. United States Forest Service*, 803 F.3d 809 (6th Cir. 2015), recognized, in light of *Wong*, that the statute of limitations in 28 U.S.C. § 2401(a) imposed no jurisdictional barrier to plaintiffs claims. The Sixth Circuit instead concluded that waivers of sovereign immunity should be treated the same as any other statute of limitations. *Id.* at 817.

Defendants' attempt to elevate the statutory requirements into jurisdictional hurdles proves unavailing. The language of the QTA tracks, or seems even less

6

powerful, than the statute of limitations at issue in *Wong*. Section 2409a(g) provides as follows: "Any civil action . . . shall be barred unless it is commenced within twelve years of the date upon which it accrued." 28 U.S.C. § 2409a(g). Congress did not cabin the language in the QTA in jurisdictional terms. The QTA provision instead "reads like an ordinary, run-of-the-mill statute of limitations, spelling out a litigant's filing obligations without restricting a court's authority." *Wong*, 135 S. Ct. at 1633. The language evidences no clear congressional intent to treat the time-bar as jurisdictional. *Id.* at 1632.

The Court's conclusion that the time-bar in the QTA raises a nonjurisdictional claim processing rule requires the Court to consider the Federal Defendant's motion to dismiss pursuant to Rule 12(b)(6). *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995). The Court must restrict its review of the evidence presented in the Amended Complaint or documents attached or incorporated by reference into the Amended Complaint.

The record at this stage proves insufficient to resolve whether Plaintiffs' claim accrued within the twelve-year limitations period in § 2409a(g). The Court declines to dismiss Plaintiffs' claims on jurisdictional grounds at this time. The time bar in § 2409a(g) remains mandatory, however, and may be considered at the summary judgment stage, if appropriate. 28 U.S.C. § 2409a(g).

**B. Prudential standing and Rule 12(b)(6) failure to state a claim**

7

Federal Defendants next contend that Plaintiffs lack standing to bring claims on behalf of the public, and, therefore, the Court lacks jurisdiction over Plaintiffs' claims. Federal Defendants also argue that the Amended Complaint fails to plead with sufficient particularity a "right, title, or interest" sufficient to state a claim under the QTA.

The QTA provides a cause of action that allows a plaintiff to name the United States in a suit regarding "disputed title to real property." 28 U.S.C. § 2409a(a). The QTA provides that a complaint "shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d).

The doctrine of prudential standing generally requires that the plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Mills*, 742 F.3d at 406 (internal quotations omitted). Prudential standing remains "flexible," and not required by the Constitution. *Id.* The Ninth Circuit addressed prudential standing in the context of the QTA in *Mills*. The Ninth Circuit distinguished those plaintiffs that seek a right-of-way for access to their own property from those that "lack[ ] any independent property rights of [their] own." *Id.* at 408 (citation omitted). The Ninth Circuit concluded that the prudential standing doctrine did "not bar a legal

8

action by landowners asserting an interest in accessing their own property over an alleged R.S. 2477 route." *Id.*

The Supreme Court rejected an analysis of prudential standing in a different context in favor of determining whether "this particular class of persons has a right to sue under this substantive statute." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014). The Supreme Court cautioned that courts "cannot limit a cause of action that Congress has created merely because 'prudence' dictates." *Id.*

The Court agrees that the flexible prudential standing doctrine serves as no jurisdictional bar to Plaintiffs' claims. *Indep. Living Ctr. of S. Cal., Inc., v. Shewry*, 543 F.3d 1050, 1065 n.17 (9th Cir. 2008). Further, the Ninth Circuit affirmed in *Mills* that the prudential standing doctrine did not bar a plaintiff seeking an R.S. 2477 right-of-way to access his own land. The Court will analyze whether Plaintiffs have stated a claim upon which relief can be granted under the QTA. *See Cetacean Community v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004).

The QTA requires a complaint to "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in real property . . . ." 28 U.S.C. § 2409a(d). At this stage, Plaintiffs' Amended Complaint asserts a right-of-way to access their own property and alleges that they have established prescriptive easements. (Doc. 23 at ¶¶ 2, 103-110). Plaintiffs also attempt to

9

assert public rights. Plaintiffs importantly do not "lack any independent property rights of [their] own." *Mills*, 742 at 408. Further, Plaintiffs accompany these allegations with detailed and specific facts that satisfy the QTA's statutory requirements.

**C. Prescriptive Easements**

Plaintiffs assert prescriptive rights to the non-public portions of the roads that had been established before federal acquisition of the roads. (Doc. 23 ¶¶ 103-110). Plaintiffs advance this claim only to the extent that their public right-of-way has been defeated. (Doc. 38 at 36). Defendants argue that Plaintiffs could not have inherited prescriptive easements because the land primarily has been "public domain lands or in federal possession" and because the roads have been relocated, and Plaintiffs can assert claims only for prescriptive easements beginning on the date of relocation. (Doc. 28 at 22-23).

The QTA prohibits suits "against the United States based upon adverse possession." 28 U.S.C. § 2409a(n). Plaintiffs allege that their predecessors in interest established any private prescriptive right before the federal government's ownership of the land. *See Cty. of Idaho*, No. 3:13-cv-00436-EJL, 2017 WL 6551387, at *8 (D. Idaho May 2, 2017). When these roads were in federal possession, when they were relocated, and when and if Plaintiffs allegedly established prescriptive easements on the roads present fact-bound questions not

10

appropriately decided at this stage. Plaintiffs' Amended Complaint alleges with sufficient specificity the nature of their claims, the descriptions of the roads, and the asserted interest in the rights-of-way.

## CONCLUSION

Accordingly, it is **ORDERED** that Federal Defendants' second Motion to Dismiss (Doc. 27) is **DENIED**.

It is **FURTHER ORDERED** that Federal Defendants first Motion to Dismiss (Doc. 13) and Madison County Commission's Motion to Dismiss (Doc. 8) are **DENIED** as moot.

DATED this 21st day of October, 2019.

Brian Morris
United States District Court Judge