# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BAR K RANCH, LLC; MICHAEL WALSH; FRED WALSH, and EILEEN WHITE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, STATE OF MONTANA, et al.,<br><br>Defendants. | CV-19-06-BU-BMM<br><br><br><br>**ORDER** |

Plaintiffs Bar K Ranch, LLC, Michael Walsh, Fred Walsh, and Eileen White (collectively "Plaintiffs") filed an amended complaint (Doc. 23) for declaratory, injunctive, and equitable relief, seeking clarification on the public and private rights-of-way over roads in Madison County, Montana. Defendant Madison County Commission filed a Motion to Dismiss (pursuant to Fed.R.Civ.P. 12(b)(1) and (6)) Plaintiffs' claim for injunctive relief (Count IV), arguing that the Plaintiffs present a nonjusticiable political question or, alternatively, that Count IV does not

1

state a claim for which relief can be granted. (Doc. 60). This Court held a hearing on the Motion to Dismiss (Doc. 60) on August 24, 2020.

Defendant's Motion to Dismiss (Doc. 60) raises two distinct questions. First, Defendants argue that Count IV requires this Court to adjudicate a political question regarding the levels of road maintenance that the Commission must perform under Montana law given that Montana law affords the Commission a certain (albeit disputed) level of discretion in such maintenance. S*ee e.g.*, M.C.A. § 7-14-2201 and -2133. Defendants separately contend that Count IV fails to state a claim for which relief can be granted because the Second Amended Complaint fails to allege any deficiencies in road maintenance (e.g., obstructions) that the Commission has an affirmative duty, rather than just the power, to alleviate. (Doc. 60 at 9).

These questions prove premature. This Court cannot determine what injunctive relief sought in Count IV, if any, would be necessary to effectuate any declaratory judgment until after the Court were to make a determination regarding the declaratory relief sought in Counts I, II, III, and V. *See Land v. Dollar*, 330 U.S. 731, 739 (1947); *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363-65 (1st Cir. 2001). In the meantime, Madison County conceded at oral argument that it qualifies as a necessary party pursuant to Fed.R.Civ.P. Rule 19 in the consistent determination of the declaratory judgments sought in Counts I, II, III, and V. Until

the Court makes any such determinations, deciding whether it has the power to enjoin a state entity for a violation of state law proves premature.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss (Doc. 60) is **DENIED** as premature.

DATED this 27 day of August, 2020.

_____
Brian Morris, Chief District Judge
United States District Court