# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| BAR K, LLC, et al.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, et al,<br><br>        Defendants. | **CV 19-06-BU-BMM**<br><br><br>**FIRST ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 105).** |

Plaintiffs Bar K Ranch, LLC, Michael Walsh, Fred Walsh, and Eileen White (collectively "Plaintiffs") filed an Amended Complaint for declaratory, injunctive, and equitable relief, seeking clarification on several public and private rights-of-way over roads in Madison County, Montana.  Doc. 23.  Plaintiffs filed a Motion for Partial Summary Judgment.  Doc. 105.  The Court held a hearing on February 22, 2021.  Doc. 167.

**Plaintiff's Motion for Partial Summary Judgment (Doc. 105).**

Plaintiffs filed a Motion for Partial Summary Judgment (Doc. 105) asking the Court to enjoin the United States from denying that the roads through the Beaverhead-Deerlodge National Forest on Section 27 and Section 35 of T9S, R1W constitute county roads.  Doc. 106 at 9.  Plaintiffs initially sought to argue that these roads were county roads under Revised Statute 2477 ("R.S. 2477").  Plaintiffs have

since abandoned that argument after it became apparent that the federal government withdrew and reserved the relevant land for national forest before the roads were constructed.  Doc. 106 at 7−9.  Plaintiffs now seek a claim for estoppel against the federal government for benefitting from other parties' confusion about the status of the road, in part, by entering into agreements with Madison County in which Madison County maintained the roads. *Id*. at 15.

**The United States's Response (Doc. 148).**

The United States argues that Plaintiffs lack standing to make this challenge because they possess no legitimate claim to title over the roads at issue.  Doc. 148 at 9.  The United States also argues that Plaintiffs fail to establish their estoppel claim because their claim proves untimely and they fail to establish any of the necessary elements of estoppel.  Doc. 148 at 12.

The United States takes issue with Plaintiffs' characterization of Plaintiffs' motion as seeking to estop the federal government from denying that the roads through the national forest constitute county roads.  Doc. 148 at 11.  The United States instead characterizes Plaintiffs' motion as a motion asking the Court to declare that the roads at issue constitute county roads.  *Id*.  The Court agrees and will consider Plaintiffs' motion (Doc. 105) as a motion to declare that the roads at issue constitute county roads.  The Court also will consider the United States's response as a cross-motion for partial summary judgment asking the Court to declare that the

roads at issue constitute forest service roads. *Id.* ("[S]ummary judgment must be granted in favor of the United States as to the [United States Forest Service] road").

**STANDARD OF REVIEW.**

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact proves genuine if there exists sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248.

**ANALYSIS.**

The parties appear to agree that R.S. 2477 cannot apply to the roads at issue because the federal government withdrew and reserved the relevant lands before the roads were build.  Doc. 106 at 9–10; Doc. 148 7–8.  The Court agrees.  Plaintiffs instead rely on a claim for estoppel.  Doc. 106 at 14–29.

Plaintiffs' estoppel claim suffers from at least two fatal defects.  First, estoppel claims against the federal government cannot prevail where petitioners have not lost any rights to which they were entitled.  *Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir. 2000).  This requirement alone dooms Plaintiffs' Motion for Partial Summary Judgment (Doc. 105) as Plaintiffs possess no claim to the roads at issue. *See Sulit*, 213 F.3d at 454.  As briefly noted above, Plaintiffs cannot make a claim under R.S.

2477.  Doc. 106 at 9−10; Doc. 148 at 7−8.  Plaintiffs also cannot make a claim to an interest in the roads at issue via another mechanism like an affirmative transfer of ownership.  Plaintiffs possess no claim to the roads at issue.

Even if the Court were to look past this fatal defect in Plaintiffs' claim, Plaintiffs' Motion for Partial Summary Judgment (Doc. 105) still fails because Plaintiffs cannot establish the necessary elements for establishing an estoppel claim against the federal government.  To succeed in a claim of estoppel against the federal government, Plaintiffs must demonstrate all the traditional elements of estoppel.  *United States v. Ruby Co.*, 588 F.2d 697, 703 (9th Cir. 1978).  The traditional elements of estoppel include the following: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the party asserting estoppel must be ignorant of the true facts; and, (4) the party asserting estoppel must rely to its injury on the conduct of the party to be estopped.  *Id*.

To these traditional elements of estoppel, Plaintiffs also must show that the governmental conduct complained of amounts to "affirmative misconduct."  *Santiago v. I.N.S.*, 526 F.2d 488, 491 (9th Cir. 1975).  To meet the high threshold for "affirmative misconduct" requires a party to demonstrate "a deliberate lie or a pattern of false promises."  *Elim Church of God v. Harris*, 722 F.3d 1137, 1143−44

(9th Cir. 2013).  In *Elim*, a church sought to estop the Department of Labor from enforcing a new regulation because the Department of Labor had not personally notified the church of the regulation changes that would adversely affect the church. *Id*. at 1130.  This failure did not rise to the level of affirmative misconduct.  *Id*. at 1144.

The Court need not take a deep dive into the traditional elements of estoppel because Plaintiffs have failed to demonstrate that the governmental conduct amounts to affirmative misconduct.  The record indicates that the United States Forest Service ("the USFS") investigated the status of the roads at issue in 1972 and determined them to be forest service roads.  Doc. 107 at 5.  Plaintiffs argue that the USFS later enjoyed the allegedly mistaken belief of Madison County that the roads were county roads.  Doc. 106 at 15.  Plaintiffs point to certain road maps that appear to depict the road as a county road and accompanying maintenance agreements as improper conduct by the USFS employees.  *Id*. at 15−30.

This alleged conduct does not rise to the level of affirmative misconduct required to make an estoppel claim against the federal government.  *See Elim Church of God*, 722 F.3d at 1143−44.  At worst, the road maps and maintenance agreements rise to the level of a generalized confusion among the parties regarding the status of the roads caused by parties with little authority to adjudicate or proclaim the legal

status of the roads.  *See Kingman Reef Atoll Dev., L.L.C. v. United States*, 116 Fed. Cl. 708, 768 (2014).

In *Kingman Reef*, a real estate developer alleged that the government employees' erroneous position in the past regarding the ownership of land on the Pacific island atoll of Kingman Reef rose to the level of affirmative misconduct.  *Id.* The developer objected to the establishment of the Kingman Reef National Wildlife Refuge in 2011 as a taking of property.  The developer based this claim on confusion by earlier government employees in the 1950s as to the true owner of the property. The developer argued that the government's assessment of property taxes on the developer's predecessor-in-interest established affirmative misconduct to support an estoppel claim against the federal government.  The Court of Federal Claims rejected the argument as it noted the generational confusion on the part of the United States and the alleged private owners as to the true ownership of the property.  Nothing in the record indicated that the government employees knew who owned the atoll and had acted with the intent to deceive the alleged private owners.  *Id.*

At best, the road maps and maintenance agreements in this case demonstrate, subject to a few inconsistencies, that the USFS asserted and maintained jurisdiction over the roads at issue and published its position to the public on a regular basis over the last half century.  The record, even when viewed in a light most favorable to Plaintiffs, fails to reflect the necessary affirmative misconduct on the part of the

6

federal government. *See Elim Church of God*, 722 F.3d at 1143−44. Plaintiffs'
Motion for Partial Summary Judgment fails, consequently, because Plaintiffs cannot
establish an essential element to make a claim for estoppel against the federal
government. *Santiago*, 526 F.2d at 491.

The United States claims that the roads at issue constitute forest service roads
proves sufficient to warrant summary judgment. Doc. 148. The parties agree on
several important facts. First, the federal government withdrew and reserved the
relevant land for use as national forests in 1902. Doc. 107 at 3. Second, no roads
existed in the area at this time. *Id*. Third, Madison County approved the construction
of the roads at issue in 1912 and completed them in 1915. *Id*. at 4. Fourth, the newly
constructed roads cross national forest twice, once in Section 27, and again in
Section 35. *Id*. Fifth, the USFS investigated the status of the roads at issue in the
1970s. The USFS determined that R.S. 2477 could not apply and concluded the
roads must be forest service roads. *Id*. at 5−6.

These facts alone preclude, as the parties agree, application of R.S. 2477.
Plaintiffs fail to claim that the United States granted Plaintiffs any sort of ownership
interest in the roads at issue. Without R.S. 2477, Plaintiffs find themselves relying
on a deficient estoppel claim. Without application of R.S. 2477, a successful claim
of estoppel, or evidence of something like an affirmative transfer of ownership, no
alternative legal conclusions remain other than the conclusion that the roads in

Section 27 and Section 35 constitute forest service roads.  The exists no genuine

disputes regarding any material facts, and the Court must grant summary judgment

in favor of the United States.  *Anderson*, 477 U.S. at 248.

            **IT IS HEREBY ORDERED**:

1.  Plaintiffs' Motion for Partial Summary Judgment (Doc. 105) is **DENIED**.

2.  The United States's Motion for Partial Summary Judgment is **GRANTED**.

            Dated the 10th day of May, 2021.


_____
Brian Morris, Chief District Judge
United States District Court