# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BAR K, LLC, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, et al,<br><br>  Defendants. | CV 19-06-BU-BMM<br><br><br>**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 80).** |

**BACKGROUND.**

Plaintiffs Bar K Ranch, LLC, Michael Walsh, Fred Walsh, and Eileen White (collectively "Plaintiffs") filed an Amended Complaint for declaratory, injunctive, and equitable relief, seeking clarification on several public and private rights-of-way over roads in Madison County, Montana. Doc. 23. Plaintiffs filed a Motion for Partial Summary Judgment. Doc. 80. The Court held a hearing on February 22, 2021. Doc. 167.

**Plaintiff's Motion for Partial Summary Judgment (Doc. 80).**

Plaintiffs filed a Motion for Partial Summary Judgment (Doc. 80) asking the Court to declare invalid a road abandonment in Madison County, Montana. Doc. 81 at 7. Plaintiffs argue that Madison County failed to comply with the statutory requirements when it sought to abandon a portion of county road in 1969. *Id*. at 12.

1

Plaintiffs also argue that, because Madison County sought to abandon this road on the belief that a nearby federal road would serve as a substitute road, the alleged failure of the federal road to serve as a substitute road invalidates the abandonment. *Id*. at 28−30.

### The United States's Response (Doc. 124).

The United States argues that Plaintiffs have failed to demonstrate that the road at issue ever constituted a county road. Doc. 124 at 16. The United States also argues that, assuming county road status, the 1969 abandonment remains valid because Madison County demonstrated a clear intent to abandon the petitioned road as evidenced by its substantial compliance with the statutory abandonment requirements. *Id*. at 15.

## STANDARD OF REVIEW.

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact proves genuine if there exists sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

**ANALYSIS.**

Montana statutes set forth the exclusive method by which a county may abandon a county road. *Chennault v. Sager*, 610 P.2d 173, 175 (Mont. 1980); *See* Mont. Code. Ann. §§ 7-14-2601−2621. The abandonment statutes impose the following process:

> (1) Ten or a majority of freeholders of a road district must petition the board of county commissioners for the abandonment of a particular road;
> (2) The county commissioners, within thirty days of receiving the petition, must cause an investigation to be conducted regarding the merits of the petition;
> (3) The county commissioners must then set a public hearing and provide notice of the hearing;
> (4) The county commissioners would then consider the results of the investigation and the hearing and render a decision whether to abandon the road.

*Chennault*, 610 P.2d at 175.

The validity of an abandonment does not depend on strict compliance with the statutory abandonment requirements. *Madison County v. Elford*, 661 P.2d 1266, 1270 (Mont. 1983); *DeVoe v. State*, 935 P.2d 256, 263 (Mont. 1997). A court instead looks for a clear intent on behalf of the county to abandon a particular road to determine the validity of an abandonment. *DeVoe*, 935 P.2d at 263. Mere non-use or neglect, even for extended periods of time, remains generally insufficient by itself to indicate a clear intent to abandon. *State v. Fisher*, 75 P.3d 338, 340 (Mont. 2003).

*Fisher* rejected a claim of abandonment where landowners had filed a petition to abandon three county roads in Flathead County, including County Road G. *Id*. The Board of Commissioners elected to abandon only one of the three roads—County Road E. *Id*. at 339. The meeting notes state that "the [r]emaining portion [of the county road] is to be left open." *Id*. The Montana Supreme Court rejected the landowners' claim that Flathead County effectively had abandoned County Road G when the landowners placed a fence across County Road G, and Flathead County stopped maintaining it. *Id*. at 340−41. The alleged relocation of County Road G into Highway 93 and the non-use of County Road G failed to satisfy the statutory criteria for abandonment. *Id*. The Court noted the Board of Commissioners' action in abandoning County Road E, but not County Road G, represents its "clear intent" not to abandon County Road G. *Id*. at 341.

The Court will focus much of its analysis on whether Madison County demonstrated its "clear intent" to abandon the portion of the lower road in 1969. *See Baertsch v. County of Lewis & Clark*, 845 P.2d 106, 121 (Mont. 1992). Substantial compliance with the statutory abandonment requirements by the county strongly suggests evidence of a clear intent. *See DeVoe*, 935 P.2d at 263. The validity of the 1969 abandonment proceedings depends, therefore, on whether Madison County demonstrated a clear intent to abandon the county road by substantially complying

4

with the statutory abandonment requirements. *See Elford*, 661 P.2d at 1270; *DeVoe*, 935 P.2d at 263.

### The Petition.

To initiate abandonment proceedings, ten or a majority of freeholders of a road district must petition the board of county commissioners. *Chennault*, 610 P.2d at 175. A valid petition must contain the following elements: (1) the particular road to be abandoned; (2) the general route thereof; (3) the lands and owners affected; (4) whether the owners who can be found consent thereto; (5) where consent is not given, the probable cost of the right-of-way; and, (6) the necessity for, and advantage of, the abandonment. Mont. Code. Ann. § 7-14-2602.

The 1969 petition (Doc. 83-1 at 2) substantially complied with these requirements. *See Elford*, 661 P.2d at 1270. As an initial matter, the 1969 petition contains the requisite number of signatures. *See* Doc. 83-1 at 2. The 1969 petition describes the petitioned road as follows:

> "The County road on the Westerly side of the Madison River . . . commencing at Highway 327 in Section 36, Township 8 South, Range 1 West . . . through the center of Section 1 and 12, Township 9 South, Range 1 West . . . to the South line of Section 12, Township 9 South, Range 1 West.

*Id*. This description of the petitioned road satisfies elements one and two.

The Court does not read into element one, as Plaintiffs suggest, an absolute requirement that a petition include a formal designation or name for the abandoned

road. *See* Doc. 81 at 18. Many of the rural roads in Montana, especially fifty years ago, may lack formal designations such as "County Road 1" or "Central Avenue West." The Court instead views element one as requiring a petition to provide sufficient particularity to distinguish those roads or portions of roads that the petitioners seek to abandon from those that the petitioners do not wish to abandon. To this end, element one should be considered closely with element two's requirement that the petition include the general route of the road. *See* Mont. Code. Ann. § 7-14-2602. The 1969 petition satisfies elements one and two because it leaves no question as to which portions of county road the petitioners were asking Madison County to abandon. *See* Doc. 83-1 at 2

Element three requires a petition to identify any affected lands and owners. Mont. Code. Ann. § 7-14-2602. The 1969 petition identifies ten landowners (*i.e.*, the petitioners) who presumably would be affected by the abandonment. Doc. 83-1 at 2. The ten landowners identified as petitioners include Eugene Walsh, one of the predecessors-in-interest of Plaintiffs. *Id*. As Plaintiffs correctly point out, the 1969 petition fails to list explicitly all of the affected lands and owners. Doc. 81 at 18−19. The parties agree that the 1969 petition omits at least one landowner—the Baker family—who likely would have been affected because the abandoned road crossed their land. *Id*. The 1969 petition fails to satisfy element three's requirement to identify the affected lands and owners. *See* Mont. Code. Ann. § 7-14-2602.

6

The Court notes, however, that the effect of these deficiencies should be considered in context. Element three reflects the proposition that affected owners have a right to receive notice of, and an opportunity to oppose, certain public actions. The record shows that Madison County published notice of the petitioned abandonment in a local newspaper. Doc. 83-1 at 4. The record contains no evidence of potentially affected landowners reporting that they had not received notice of the petitioned abandonment. The record likewise contains no evidence of affected landowners claiming the lack of an opportunity to oppose the abandonment. In other words, the record fails to indicate that any affected landowner likely suffered prejudice from having been omitted from the petition. The State of Montana now owns the land previously owned by the Baker family. Doc. 81 at 20. The State of Montana, as successor-in-interest of the Baker Family, alleges no prejudice from any lack of notice of potential abandonment in the 1969 petition.

Relatedly, element four requires the petition to identify, if any could be found, which landowners consent to the petitioned abandonment. Mont. Code. Ann. § 7-14-2602. The 1969 petition fails to identify explicitly any landowners who consent to the petitioned abandonment. The Bakers apparently died shortly before the petition was filed. Doc. 124 at 23. The United States hypothesizes that the petitioners may have been unable to locate the Bakers' heirs. *Id.* The statutes require the petitioners to locate the affected landowners who could be found. Nothing in the

7

abandonment statute requires the petitioners to identify whether all landowners consented to the abandonment. *See* Mont. Code. Ann. § 7-14-2602. The 1969 petition nevertheless may fail to comply with elements four's requirement that a petition identify consenting landowners. *See* Mont. Code. Ann. § 7-14-2602.

Element five requires a petition to provide the probable cost of obtaining the right-of-way if landowners' consent cannot be acquired. Mont. Code. Ann. § 7-14-2602. The 1969 petition lacks any sort of cost analysis. *See* Doc. 83-1 at 2. The Court also views this omission in context. The historical circumstances might not require a cost analysis. The statute requires the petition to include only the cost of a right-of-way when consent cannot be obtained. *Id*. Plaintiffs have failed to identify any landowners who withheld consent for a right-of-way. No landowners may have withheld consent. The United States argues that landowners may have had little reason to withhold their consent because the nearby federal road served as a nearly exact replacement to the abandoned road. Doc. 124 at 23.

Additionally, the importance of a cost analysis proves much greater when a petition seeks to build a road, rather than to abandon a road. Madison County did not need to purchase a right-of-way to abandon the petitioned road as the nearby federal road would be used instead. *See Elford*, 661 P.2d at 1269. The Court could imagine a scenario in which a county would need to purchase an alternative right-of-way in order to abandon a county road. The 1969 abandonment did not involve

8

such a scenario, however, as the nearby federal road could replace the abandoned road. Whether the petitioners could not find nonconsenting landowners or because no nonconsenting landowners existed, the lack of a cost analysis could be explained, and the 1969 petition substantially would have complied with the cost analysis requirement of the statute. *See* Mont. Code Ann. § 7-14-2602.

Element six requires a petition to identify the necessity and the advantages of the abandonment. Mont. Code Ann. § 7-14-2602. The 1969 petition states clearly that the petitioners' believed that the completion of a parallel federal road would render the county road redundant. Doc. 83-1 at 2. The advantages and necessity of abandoning an apparently redundant road, although perhaps implicit, appears simple enough. The 1969 petition satisfies element six's requirement that a petition identify the necessity and the advantages of the abandonment. *See* Mont. Code. Ann. § 7-14-2602.

The record makes clear that the 1969 petition does not comply perfectly with the statutory abandonment requirements laid out in Mont. Code Ann. § 7-14-2601. The Court's review of the 1969 petition reveals, however, that it substantially complied with Mont. Code Ann. § 7-14-2601. *See Baertsch*, 845 P.2d at 121. The 1969 petition contained the signatures of ten landowners, specifically identified the road to be abandoned, and contained an explanation of the necessity and advantages of the abandonment. Doc. 83-1 at 2.

The 1969 petition fails to identify explicitly the affected lands and owners and contains no cost estimate for obtaining a right-of-way. *Id.* The precise explanation for these omissions have evaded the parties and the Court. Given the time that has passed, the parties cannot rely on or call witnesses who took part in the petition process. The Court instead must rely on a few pages of decades-old documents. Doc. 83-1 at 1–7. As the Court noted above, possible explanations exist for these omissions that would indicate that the petition complied substantially with the statutory abandonment requirements. *See Baertsch*, 845 P.2d at 121. The Court need not embark on landowner-by-landowner analyses when reviewing abandonment proceedings. The relevant statute requires no such case-by-case analysis. *See Baertsch*, 845 P.2d at 121. The law requires only that the Court determines whether the petition substantially complied with the statutory requirements. *Elford*, 661 P.2d at 1270; *DeVoe*, 935 P.2d at 263. Even if the Court assumed that the 1969 petition failed to comply substantially with elements three and four, the Court remains convinced that the 1969 petition substantially complied with the overall requirement of Mont. Code Ann. § 7-14-2601. *But see Elford*, 661 P.2d at 1269.

In *Elford*, the Montana Supreme Court evaluated the effect of similar deficiencies in a petition regarding a road. 661 P.2d at 1269. The petition in *Elford* sought to construct a new road. *Id.* at 1267. Apparent confusion existed about which

of several routes the new road would take. *Id*. These omissions in the petition made it difficult to determine which of the two routes would have been preferable. The petition did not indicate how many landowners would be affected with each route or what the cost of each route would be. *Id*.

The 1969 petition presented to Madison County, by contrast, sought to abandon an existing road. Doc. 83-1. A clearly identifiable substitute federal road would replace the need for the abandoned road. *Id*. The requirements that a petition include affected owners and a cost analysis for obtaining a right-of-way proves much more important when a petition seeks to build a new road rather than abandon an existing road. Madison County did not need to acquire any new right-of-ways to abandon a county road that already existed.

The only question regarding the cost of the right-of-way has been raised by Plaintiffs here. Fifty years after the abandonment, Plaintiffs contend that the petition failed to include any analysis of the cost of obtaining a public right-of-way across the federal road. Plaintiffs have failed to identify a single instance over the past fifty years, however, when the United States has denied the public use of the federal road.

**The Investigation and Hearing.**

After receiving a valid petition, a county must investigate the merits of the petitioned activity. *Chennault*, 610 P.2d at 175. A county then provides notice and

11

conducts a public hearing. *Id*. A county decides whether to proceed with the petitioned activity after considering the investigation and the hearing. *Id*.

The record indicates that Madison County investigated the merits of the petitioned abandonment. Doc. 83-1 at 3. The investigators recommended that Madison County proceed with the petitioned abandonment:

> We, the viewers of the county road running south from McAtee Bridge to the Fish & Game Land, do hereby recommend that this road be abandoned by the Madison County Commissioners.

*Id*.

Madison County properly provided notice in a local newspaper and subsequently conducted a public hearing. *Id*. at 4−6. At the hearing, Madison County considered the petition, the investigators' report, and public comment before ultimately declaring the county road abandoned. *Id*. These factors demonstrate Madison County's substantial compliance with the statutory abandonment requirements. *See Baertsch*, 845 P.2d at 121.

Plaintiffs attack, nonetheless, the sufficiency of the investigation, the notice, and the public hearing. Doc. 81. Plaintiffs assert that "[t]here is no evidence that an investigation, adequate to assess the merits of the petitioned action, was ever conducted." *Id*. at 22−25. Plaintiffs also assert that Madison County deviated from its customary practice of twice filing notice of public hearings. *Id*. at 25−26. Finally,

Plaintiffs assert that Madison County did not make the findings necessary to approve a road abandonment. *Id*. at 26−28.

Plaintiffs arguments fail to persuade the Court. Plaintiffs overstate the burden of the statutory abandonment requirements. Mont. Code Ann. § 7-14-2603 requires that "[t]he investigation shall be sufficient to properly determine the merits or demerits of the petition." Although the investigators' report was brief, the investigators were reviewing a simple matter: whether Madison County should abandon an apparently redundant county road. The United States relies on testimony from a current Madison County Commissioner to argue that cursory investigators' reports prove common, even in today's world. Doc. 124 at 24. Madison County substantially complied with the statutory requirement to investigate the merits and demerits of the petitioned abandonment. *See Baertsch*, 845 P.2d at 121.

Mont. Code. Ann. § 7-14-2615, states that "an order to abandon a county road is not valid unless preceded by notice and public hearing." Madison County published notice of the public hearing in the local newspaper. Doc. 83-1 at 4. The notice stated that Madison County would conduct a public hearing at the County Commissioners' Room in the Courthouse in Virginia City, Montana. *Id*. at 5. The hearing would happen on July 8, 1969, and the subject matter was the abandonment of the petitioned road. *Id*. The newspaper publication, as shown in the record, satisfies the notice requirement in Mont. Code Ann. § 7-14-2615. Doc. 83-1 at 4.

Mont. Code Ann. § 7-14-2603(3), requires that "[a]fter considering the petition and the results of the investigation, the board shall make an entry of its decision on the minutes." Madison County recorded the following minutes to the public meeting:

> In the matter of the closure of a portion of a county road as petitioned for by Eugene C. Walsh and others, it appearing that notice has been given to all parties properly concerned with the said closure and the Viewer's Report having been received and *the Board having considered protests filed and the said Viewer's report, and it appearing to be proper in all respects that a portion of the requested road closure be granted*; it is upon motion made, seconded and passed RESOLVED that the following portion of county roads be declared closed and the easement of the county to such county roads be declared abandoned.

Doc 83-1 at 7 (emphasis added).

This analysis substantially complies with Madison County's obligation to consider the relevant information. *See* Mont. Code. Ann. § 7-14-2603. Plaintiffs appear to argue that Madison County should have taken more thorough minutes or provided for more robust deliberation. The statute requires only that Madison County considers certain information and makes a decision on the record. *Id*. Madison County completed these tasks, and, therefore, substantially complied with the statutory abandonment requirements. *See Baertsch*, 845 P.2d at 121.

**CONCLUSION.**

Madison County substantially complied with the statutory abandonment requirements, and such compliance demonstrates that Madison County maintained

14

a clear intent in 1969 to abandon the petitioned road. *DeVoe*, 935 P.2d at 263. Hindsight provides the Court with strong evidence of this conclusion. These abandonment proceedings took place over fifty years ago. Although the Montana Supreme Court has been clear that mere non-use or neglect alone cannot generally constitute clear intent to abandon, *Fisher*, 75 P.3d at 340, prolonged non-use and neglect can provide evidence of an intent to abandon. *See DeVoe*, 935 P.2d at 263. Madison County stopped maintaining or improving the petitioned road entirely after the public meeting in which Madison County decided to abandon the petitioned road. The petitioned road fell into disrepair over the next fifty years.

The record indicates that, before this litigation, no landowner ever had complained of the outcome, the notice, the deliberation, or any other aspect of these abandonment proceedings. And no landowners ever objected to these proceedings. No landowner opposed the abandonment proceedings at the time of the proposed abandonment or in the decades afterwards as the abandoned road fell into disrepair.

In fact, one of Plaintiffs' predecessors-in-interest, Eugene Walsh, initiated and led the abandonment proceedings in 1969. *See* Doc. 83-1. This action by Eugene Walsh to initiate the abandonment process and the complete absence in the record of any objections to the abandonment until now provides evidence of fifty years of at least tacit approval. Plaintiffs and their predecessors-in-interest stopped using the abandoned road and instead used the nearby federal road. The Court views fifty

years of public and private acquiescence (*i.e.*, from 1969 until whatever dispute over access, usage, or commercial development sparked this litigation) as strong evidence that the 1969 abandonment proceedings comported with the legislative intent regarding the implementation of the abandonment statutes as outlined in *Madison County v. Elford*, 661 P.2d 1266, 1270 (Mont. 1983).

Ultimately, Plaintiffs fail to demonstrate that Madison County lacked a clear intent to abandonment the petitioned road in 1969. *See DeVoe*, 935 P.2d at 256. The record instead supports a conclusion that Madison County maintained a clear intent to abandon the petitioned road. The United States's response brief (Doc. 124) contains no language that the Court could construe as a cross-motion for summary judgment on this issue. *See* Doc. 174 at 2−3. If the parties wish to pursue a cross-motion for summary judgment on this issue, the parties may file a brief motion relying on prior briefing.

**IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Partial Summary Judgment (Doc. 80) is **DENIED**.

Dated the 28th day of May, 2021.

*/s/ Brian Morris*

Brian Morris, Chief District Judge
United States District Court